IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LOUIS R. JONES, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL No: 1:14-CV-0027-WLS |
| UN-NAMED DEFENDANT | : | |
| Defendant | : | |

## ORDER

Plaintiff **Louis R. Jones**, an inmate currently confined at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice, pursuant to §1915A(b)(1). Plaintiff's Motion to proceed *in forma pauperis* is **GRANTED** only for the purpose of dismissal.[1]

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). ). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has no prior strikes for the purposes of 28 U.S.C. § 1915(g).

court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-56.

**ANALYSIS OF CLAIMS**

This action arises out of Plaintiff's alleged exposure to toxic gasoline fumes while incarcerated at Autry State Prison. The Complaint alleges that, on one occasion, other prisoners (on a maintenance detail) walked past Plaintiff as he exited his dorm, that these workers carried a rubber container full of gasoline, and that Plaintiff was thus "forced" to inhale the gas fumes into his lungs. Plaintiff claims that this incident "could cost his lungs damage" and that his "safety and health was not considered." The Court accepts these allegations true, as is required at this stage of

litigation. However, even when liberally construed and read in the light most favorable to Plaintiff, the present Complaint is fatally deficient.

The Complaint, for example, fails to identify any named defendant or otherwise allege that any government official was responsible for violating Plaintiff's constitutional rights. In the absence of such allegations, Plaintiff cannot state a § 1983 claim. See 42 U.S.C. § 1983; Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). To state a claim for relief under § 1983, a plaintiff must allege facts showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale, 50 F.3d at 1581.

Even if Plaintiff had identified defendants subject to liability under § 1983, the factual allegations in Plaintiff's Complaint also do not describe a constitutional violation. See Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To prevail on an Eighth Amendment claim, a prisoner must show that the event or condition to which he has been exposed was objectively and sufficiently "serious," or "extreme." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling v. McKinney, 509 U.S. 25, 37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Plaintiff's brief exposure to the smell of gasoline neither posed an unreasonable risk of serious damage to Plaintiff's health nor offended the contemporary standards of decency. See Moore v. Bucher, No. 405CV473-WS, 2006 WL 1451544, at *3 (N.D. Fla. May 23, 2006) (ten day exposure to fumes, smoke, and gas did not give rise to a constitutional claim).

Plaintiff has thus failed to state a viable § 1983 claim.  Plaintiff's Complaint is, in fact, found to be frivolous, as it is "without arguable merit either in law or fact."  See Bilal, 251 F.3d at 1349.

Plaintiff's claims are also barred because it is clear, on the face of his Complaint, that Plaintiff did not exhaust the administrative remedies available to him at the prison before filing a civil rights claim in federal court.  See 42 U.S.C. § 1997e.  Federal law precludes an action from being "brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  See id; Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  This generally requires that a state prisoner file an administrative grievance *and* receive a ruling on the grievance before initiating a § 1983 action. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).  Plaintiff's Complaint plainly states that he "is placing [a] grievance at this time." See Complaint at 2.  Plaintiff has thus, admittedly, not yet exhausted his administrative remedies, and his Complaint can be dismissed prior to service for lack of exhaustion.  See Jones v. Bock, 549 U.S. 199 (2007); Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008).

The Court therefore finds, for all the reasons discussed herein, that Plaintiff's Complaint is frivolous and fails to state a claim for relief.  The Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A(b)(1).

**SO ORDERED** this 21st  day of February, 2014.

/s/ W. Louis Sands
W. LOUIS SANDS, Judge
UNITED STATES DISTRICT COURT

4